(67 App. Div. 14.)

BEATTIE v. CALLANAN et al.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

LABOR ORGANIZATIONS—RIVAL CONCERNS—THREATS—INJUNCTION.
    An order vacating a preliminary injunction restraining a labor organization from certain acts towards a person will be modified to restrain defendant from interference with such person's business by intimidation, force, or fraud, or preventing its members or others from working for such person, where the evidence shows there has been such conduct by defendant.

Appeal from special term, New York county.

Proceedings by John Beattie against David Callanan and others. From an order vacating an ex parte preliminary injunction, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant.

Ingle Carpenter, for respondents.

PER CURIAM. The plaintiff in this action is a painting contractor. The defendant association, the amalgamated Painters & Decorators of New York, is an unincorporated labor association of expert journeymen painters and decorators, having about 6,000 members in the city of New York. The other defendants are David Callanan, the president, and Joseph E. Healy, one of the business representatives, of the association, commonly called "delegates." The action is brought to enjoin and restrain the defendants from doing certain acts threatened to be done, which, it is averred, interfere with the property, rights, and business of the plaintiff. A preliminary injunction was granted ex parte, restraining the acts complained of, with an order to show cause why the same should not be continued during the pendency of the action; and on the return of such order the preliminary injunction was vacated, and an order vacating the same entered, from which this appeal is taken.

The court below refused a continuance of the injunction during the pendency of the action upon the authority of Association v. Cumming, 53 App. Div. 227, 65 N. Y. Supp. 946. In that case this court held that the members of a labor organization had a right to refuse to permit its members to work with members of a rival organization, and might demand that they be discharged, or use persuasion to induce persons not to work with the members of a rival organization, and demand of an employer that he discharge such persons, and that they would be protected in so doing so long as the steps taken to enforce their demands did not involve the use of force beyond such as might be implied from a threat to abandon the work, and they did nothing to create a breach of the peace. It is evident that this case furnishes no authority for a resort to fraud, intimidation, force, or threats, except within the limitation announced in this case. It appears from the facts in this regard that the defendants were guilty of acts which were unlawful and unauthorized for the protection of any right of which. they are or deem themselves possessed. It is not at all necessary that we discuss the evidence in detail in support of this statement. It is sufficient now to say that the plaintiff was entitled to an injunction restraining the defendants from interfering in any manner with the business of this plaintiff by resorting to intimidation, force, or fraud, or by such acts injuring the business of the plaintiff, or preventing the members of the defendants' organization from working for the plaintiff, or preventing other men employed by him from working for the plaintiff or upon any contract with which he is connected. There

is no authority in law for the defendants to resort to any of these acts in accomplishment of their purpose to compel the plaintiff to employ "union labor." To this extent, therefore, the injunction should have been granted.

The order appealed from should be reversed, and the motion for injunction granted to the extent mentioned in this opinion, without costs to either party.